# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

JEREMY DON BAKER

VERSUS

KRYSTLE JEAN LOWE

---

In Re:   Krystle Jean Lowe, applying for supervisory writs, 20th Judicial District Court, Parish of East Feliciana, No. 47611.

---

**BEFORE: McCLENDON, HESTER, AND MILLER, JJ.**

**WRIT DENIED.** The trial court may consider whether the appointment of an attorney for the minor child would be in the best interest of the child. See La. R.S. 9:345.

**CHH**

**Miller, J.,** concurs. The relator, Krystle Jean Lowe, signed the acknowledgment of paternity attesting to the respondent's, Jeremy Don Baker's, paternity of the minor child. As such, Mr. Baker has asserted Ms. Lowe has unclean hands and should be precluded from seeking to annul the acknowledgment. See **Wetta v. Wetta**, 2021-92 (La. App. 3d Cir. 6/2/21), 322 So.3d 365, 371, writ denied, 2021-00940 (La. 10/19/21), 326 So.3d 255. I also note, pursuant to La. Civ. Code art. 131, the best interest of the child is the paramount consideration when determining custody, and considering that neither parent in this matter made a genetic contribution to the child, to sever the parental ties based entirely on genetics would not serve the child's best interest. I believe the appointment of an attorney to represent the child's best interests in this matter would be prudent.

**McClendon, J.,** dissents. In his petition for custody and child support, Jeremy Don Baker alleges he was never married to Ms. Lowe, the mother of the minor child at issue in this matter, and he is not the biological father of the minor child although his name is listed as the child's father on the child's birth certificate. I find these allegations are insufficient to demonstrate Mr. Baker has a right of action for custody under La. Civ. Code art. 132. See La. Code Civ. art. 196; **Morgan v. Foster**, 20-363 (La. App. 5th Cir. 4/7/21), 347 So.3d 963, 969. Additionally, I find the "Acknowledgment of Paternity Affidavit" signed by Mr. Baker and Ms. Lowe, which was not admitted into evidence at the January 8, 2024 hearing on the exceptions, does not provide Mr. Baker with a right of action to seek custody of the child under La. Civ. Code art. 132. See **McKinley v. McKinley**, 631 So.2d 45 (La. App. 2d Cir. 1994); **State ex rel. A.L.**, 2009-1565 (La. App. 3d Cir. 4/7/10), 34 So.3d 416, writ denied, 2010-1017 (La. 5/28/10), 36 So.3d 256. Accordingly, I would vacate the portion of the trial court's January 22, 2024 judgment sustaining the partial exceptions of no cause of action and no right of action filed by Mr. Baker, reverse the portion of the judgment overruling the exception of no right of action filed by Ms. Lowe, sustain Ms. Lowe's exception of no right of

action, and remand the matter to the trial court with instructions to allow Mr. Baker an opportunity to amend his petition, if he can, to allege facts showing he is entitled to custody of the minor child pursuant to La. Civ. Code art. 133. Furthermore, given the exceptional circumstances in this case, the trial court should consider whether an attorney should be appointed to protect the best interests of the minor child, which is always of paramount concern. Finally, I note that the facts of this case highlight the need for legislation addressing this and similar situations.

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT